IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14-cv-07945 |
| | ) |
| THOMAS DART, Sheriff of Cook County, | ) Judge Andrea R. Wood |
| COOK COUNTY, ILLINOIS, and | ) |
| CONCETTA MENELLA, M.D., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brandon Brown claims that while he was incarcerated at the Cook County Jail ("Jail") he sustained a wrist injury for which he was denied appropriate medical treatment in violation of his rights under the Fourteenth Amendment to the United States Constitution. Brown now sues Defendants Concetta Mennella, Interim Chief Medical Officer of Cermak Health Services, Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, pursuant to 42 U.S.C. § 1983. Before the Court is Dart's Motion to Dismiss ("Motion"). (Dkt. No. 59.) In the Motion, Dart contends that Brown has failed to state a claim against him in his official capacity under *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978). For the reasons set forth below, the Motion is denied.

### BACKGROUND

This is the second lawsuit filed by Brown alleging that Dart and Cook County failed to provide him with adequate medical care for a serious wrist injury that he sustained in October 2012. The first action was filed with this Court in May 2013. *See Brown v. Dart*, Case No. 13-cv-3409. After Brown twice amended his complaint, the operative complaint asserted § 1983

claims against Dart, in his official capacity, and Cook County based on a *Monell* theory of liability. (*Id.* at Dkt. No. 49.) On October 3, 2014, Brown moved to voluntarily dismiss his first case without prejudice in response to the defendants' argument that he had not exhausted his administrative remedies before filing suit as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (*Id.* at Dkt. No. 89.) Since by that time Brown had been released from custody, he figured that he could refile the case without being constrained by the PLRA's requirements. The Court granted Brown's motion on October 10, 2014, and dismissed the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (*Id.* at Dkt. No. 93.)

Brown subsequently filed the instant lawsuit. In his Complaint, Brown alleges that Dart and Cook County are jointly responsible, under a document known as the January 2011 Inter-Agency Agreement, for providing healthcare to prisoners at the Jail. (Compl. ¶ 4, Dkt. No. 1.) Brown further alleges that sometime in 2011 the part-time orthopedic clinic at the Jail was eliminated. (*Id.* ¶ 6.) As a result, "all detainees with orthopedic ailments are dependent on the Jail's medical scheduling department to make arrangements with medical providers at one of the Stroger subspecialty clinics." (*Id.*) According to Brown, "[t]he Jail's medical scheduling department has limited medical training and, pursuant to defendant Cook County['s] policy and practice, has unbridled discretion when to schedule a person for one of the Stroger subspecialty clinics." (*Id.*) In addition, Dart only provides space for eight to ten prisoners to be transported to Stroger on any given weekday morning, which is often inadequate to move prisoners to a clinic.[1] (*Id.* ¶ 7.)

---

[1] In his response brief, Brown states that he has since learned that a total of 22 prisoners are transported between the Jail and Stroger each day. (Resp. at 5 n.3, Dkt. No. 31.)

In early October 2012, Brown sustained a serious wrist injury while incarcerated at the Jail and as a result felt "excruciating pain and requested emergency medical care." (*Id.* ¶ 8.) Despite submitting health care request forms seeking treatment for his injury, Brown's injury was not evaluated until October 30, 2012. (*Id.* ¶ 9.) On November 1, 2012, an x-ray taken at Cermak Health Services revealed that Brown had a fractured scaphoid (one of the carpal bones of the wrist). (*Id.* ¶ 10.) Despite confirmation of his injury, however, Brown was not transported to an orthopedic provider until February 8, 2013. (*Id.* ¶ 11.) During his February 8 consultation at the Stroger orthopedic clinic, Brown was instructed to return to the clinic within two weeks to discuss surgical options. (*Id.* ¶ 12.) But due to Dart's and Cook County's "policy and practice," Brown was not regularly evaluated at the Stroger orthopedic clinic between February 8, 2013 and November 2013, and thus he did not have his prescribed surgery during this time period. (*Id.* ¶ 13.)

Brown also alleges that Mennella, in her position as Chief Medical Officer of the Jail, is responsible for establishing a priority list for the eight to ten prisoners permitted to be moved each morning to the Stroger subspecialty clinics. (*Id.* ¶ 16.) According to Brown, Mennella knew about his need for orthopedic care and yet failed to facilitate appropriate medical attention from November 2012 until November 2013. (*Id.*) Brown further alleges that as a trained physician, Mennella knew that his injury, which evolved to a non-union fracture, was caused by a significant delay in treatment. (*Id.* ¶ 15.)

Brown now sues Cook County, Dart (in his official capacity), and Mennella (in her individual capacity), claiming that their actions and omissions deprived him of his rights under the Fourteenth Amendment.[2]

---

[2] While the constitutional rights of a convicted state prisoner arise from the Eighth Amendment's prohibition on cruel and unusual punishment, the constitutional rights of a pretrial detainee are derived

**DISCUSSION**

In the Motion, Dart asks the Court to dismiss him as a defendant pursuant to Federal Rule of Civil Procedure 12(b)(6). "A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The basic pleading requirement is set forth in Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating Brown's complaint, this Court must "view it in the light most favorable to [Brown], taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in [Brown's] favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

Brown brings his claim against Dart in his official, rather than his individual, capacity. (Compl. ¶ 3, Dkt. No. 1.) Claims brought against persons in their official capacities are actually claims brought against the office or employer, not the individual employee or office holder. *See Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008). Thus, by naming Dart in his official capacity, Brown is actually bringing suit against the Cook County Sheriff's Office. A governmental unit, such as the Sheriff's Office, cannot be held liable under § 1983 unless the deprivation of constitutional rights is caused by its own policy or custom. *Id.* (citing *Kujawski v. Bd. of Comm'rs of Bartholomew Cnty.*, 183 F.3d 734, 737 (7th Cir. 1999)). An official policy or

---

from the Fourteenth Amendment's Due Process Clause. *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 259 n. 1 (7th Cir. 1996). For present purposes, however, this distinction is unnecessary, as there is "little practical difference between the two standards." *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). Therefore, "§ 1983 claims brought under the Fourteenth Amendment are to be analyzed under the Eighth Amendment test." *Henderson v. Sheahan*, 196 F.3d 839, 844 n. 2 (7th Cir. 1999).

custom may be established by evidence of: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995) (internal quotations omitted). A plaintiff alleging *Monell* claims must "'provide some specific facts' to support the legal claims asserted in the complaint." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). However, a *Monell* claim can survive a motion to dismiss "even with conclusory allegations that a policy or practice existed, so long as facts are pled that put the defendants on proper notice of the alleged wrongdoing." *Riley v. Cnty. of Cook*, 682 F. Supp. 2d 856, 861 (N.D. Ill. 2010) (citing *McCormick v. City of Chicago*, 230 F.2d 219, 325 (7th Cir. 2000)).

The Complaint here pleads sufficient facts for Brown's *Monell* claim against Dart to go forward on a practice and policy theory, notwithstanding Dart's argument that Brown's allegations do not pass muster under the *Iqbal-Twombly* standard. Brown alleges that Dart, in conjunction with Cook County, was responsible for providing health care at the Jail. (Compl. ¶ 4, Dkt. No. 1.) Brown further alleges that, as a result of the closure of the orthopedic clinic at the Jail, detainees there are dependent on the Jail's medical scheduling department to make arrangements with the Stroger subspecialty clinic. (*Id.* ¶ 5.) He claims that Jail staff is limited in its medical training, and that Dart provides inadequate resources to transport prisoners off-site to receive necessary medical care. (*Id.* ¶¶ 6-7.) Finally, Brown alleges that as a result of these practices, he was deprived medical care to which he was entitled under the Fourteenth Amendment. (*Id.* ¶ 13.)

Similar allegations have been found to state a *Monell* claim in this District. *See, e.g., Pickett v. Dart*, 13 C 1205, 2014 WL 919673, at *3-4 (N.D. Ill. Mar. 10, 2014); *Jones v. Dart*, 12 C 9272, 2013 WL 4854368, at * 4 (N.D. Ill. Sept. 11, 2013). And although the Complaint certainly is bare-bones in its factual allegations, it is sufficient to place Dart on notice of the nature of the claims against him and for the Court to find that Brown has "give[n] enough detail about the subject-matter of the case to present a story that holds together." *McCauley*, 671 F.3d at 616 (quoting *Swanson v. Citibank N.A.*, 614 F.3d 400, 404 (7th Cir. 2000)). Thus, although Brown ultimately may not be able to prove that Dart should be held liable for the alleged constitutional violation, the Court rejects Dart's argument that Brown's *Monell* claim is insufficiently pleaded.

Dart also seeks to dismiss the claim against him by pointing out, accurately, that Cook County and the Sheriff's Office are separate entities with distinct responsibilities. While Cook County is responsible for providing medical care to detainees, Dart's office is responsible for operating and maintaining the Jail itself. *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). Similarly, Dart argues that Brown alleges that Mennella was responsible for establishing a priority list for prisoners to be moved to Stroger; thus, his own actions were not the "moving force" for the alleged constitutional violation. But the gravamen of Brown's claim against Dart is not that he controlled the type of healthcare that was provided to Brown and other detainees. Rather, the Complaint alleges that Dart deprived Brown and other detainees of their Fourteenth Amendment rights by deciding to close the Jail's orthopedic clinic and by administering the Jail's inadequate system of transporting detainees off-site to receive specialized treatment. (Compl. ¶¶ 6, 7, 13, Dkt. No. 1.) According to Brown, these policies caused unwarranted treatment delays for detainees with injuries needing orthopedic treatment. (*Id.* ¶ 5.) Because the

Sheriff is responsible for the "custody and control" of all persons detained at the Jail, *see* 55 Ill. Comp. Stat. 5/3-6017, these allegations state a claim against Dart.[3]

The allegations in the Complaint also plausibly claim that Dart's policies and practices were the moving force behind Brown's inability to receive timely and appropriate medical services. Brown cites *Johnson v. Cook County*, 526 F. App'x 692 (7th Cir. 2013), in support of his argument that the policy challenged here is insufficiently connected to Brown's alleged injury. In *Johnson*, the plaintiff, while detained as an inmate at the Jail, had been sexually abused by a medical technician employed by Cook County. The plaintiff attempted to state a *Monell* claim based on the County's "widespread policy or practice" of (1) allowing medical personnel to be alone with persons in custody; (2) failing to ensure that the jail was adequately staffed; and (3) encouraging the suppression of complaints of misconduct. *Id.* at 695. The district court dismissed the *Monell* claim and the Seventh Circuit affirmed, finding that these policies were too attenuated from the alleged injury to have been the moving force behind the sexual assault. *Id.* at 696-97. In contrast with *Johnson*, however, the elimination of the orthopedic clinic at issue in this case is sufficiently related to the claimed injury—Brown's failure to receive proper orthopedic medical care—to establish a causal relationship between the two. Furthermore, although the Court agrees with Dart that a prisoner is not entitled to demand specific care from an orthopedist, *see Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997), a prisoner is entitled to reasonable measures to address a substantial risk of serious harm. *Id.* Brown has sufficiently

---

[3] To the extent Dart contends that a claim against a medical professional for deliberate indifference is incompatible with a *Monell* claim against a prison official challenging jail practices and procedures that allow access to health care, the Court rejects that suggestion. *See, e.g., Pickett*, 2014 WL 919673, at *2 (allowing both deliberate indifference and *Monell* claims to survive a motion to dismiss).

pleaded that he did not receive such reasonable measures as a result of Dart's policies and customs, and thus he states a claim for relief.[4]

Finally, the Court rejects Dart's argument that Brown has failed to allege a widespread practice and thus fails to state a *de facto* policy or custom that would support a *Monell* claim. As articulated above, Brown has pleaded facts alleging the existence of policies and practices that deprive multiple Jail detainees of their Constitutional right to adequate medical treatment. Specifically, Brown has sufficiently pleaded that the closure of the Jail's orthopedic clinic and the medical scheduling and transportation practices of which he complains have affected "all detainees with orthopedic ailments." (Compl. ¶¶ 6-7, Dkt. No. 1.) Accordingly, Brown has pleaded a practice sufficiently widespread to form the basis for a *Monell* claim.[5] *See Jones*, 2013 WL 4854368, at *4.

---

[4] Dart further argues that he is shielded from liability because Brown was in the care of medical professionals during the relevant time periods. (Reply Br. at 7, Dkt. No. 39.) In support of this contention, Dart attaches a January 2013 grievance form and a printout of Brown's Illinois Department of Corrections inmate status showing that he was transferred to Menard in July 2013. (*Id.* Exs. A, B, Dkt. No. 39-1, 2.) Dart urges the Court to take judicial notice of these documents as public records pursuant to *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Even if the Court were to take judicial notice of these documents, however, they do not contradict Brown's claims. Indeed, the grievance indicates that Brown complained of a broken wrist in January 2013, and received a response in March 2013 indicating that "urgent PCC" was ordered. (*Id.* Ex. B at 2.) Even if Brown was not in the Jail's custody until November, as alleged in the Complaint, his claim still survives.

[5] In the Complaint, Brown alleges that a number of other cases asserting similar claims against Dart are pending in this District. (Compl. ¶ 12, Dkt. No. 1.) Brown argues that at the pleading stage, these allegations can suffice to allege a widespread practice in support of a *Monell* claim. (Memo. in Opp. at 8-9, Dkt. No. 64 (citing *Pickett* 2014 WL 919673, at *4)). Decisions in this District are split on whether allegations that other inmates have brought similar lawsuits can serve as the basis for a *Monell* claim. *Compare Pickett*, 2014 WL 919673, at *4 (allegations regarding separate lawsuits can suffice to plead a widespread practice sufficient to support a *Monell* claim) *with Rikas v. Babusch*, No. 13 C 2069, 2014 WL 960788, at *3 (N.D. Ill. Mar. 12, 2014) (allegations of similar lawsuits filed against the same defendant do not support a *Monell* claim). Because Brown states a *Monell* claim even without reference to other lawsuits pending in this District, the Court does not express an opinion on this issue here.

## CONCLUSION

For the foregoing reasons, Dart's Motion (Dkt. No. 59) is denied. Dart shall answer the Complaint within 14 days of entry of this Order.

ENTERED:

Dated: June 30, 2015

Andrea R. Wood
United States District Judge